## JOHN EVANS
### v.
## SAMUEL W. HEATON.

*Mortgages—Foreclosure—Stipulation—Costs.*

In a foreclosure proceeding, it is *held:* That a stipulation for an early hearing on condition that no receiver should be appointed, and that the possession of the mortgagor should not be disturbed until the time of redemption expired, was a proper one for counsel to make; and that it should have been enforced by the court.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Mr. OSCAR A. DeLEUW, for appellant.

Messrs. MORRISON & WHITLOCK, for appellee.

WALL, J.   The appellee obtained a decree of foreclosure of a mortgage against appellant at the May term, 1886.   At the next term the report of the master was presented, showing a sale, and a deficiency of $124.45.   The appellee presented his affidavit reciting these facts, that the mortgagor was insolvent, and that the premises were subject to the lien of a prior mortgage held by another party, and entered his motion for the appointment of a receiver of the premises, pending the period of redemption.   The appellant filed counter affidavits to the effect that the land sold for less than its value; that before the decree of foreclosure was entered, at the May term, there was a stipulation entered into by and between the solicitors of the respective parties, that in case of a decree of foreclosure at that term, there should be no receiver appointed and that the possession of appellant should not be disturbed until the time of redemption expired; that the condition of

the case was such that a hearing could not have been had at that term without consent of the appellant and that his solicitor consented to it only upon the faith of said stipulation; that appellant, relying upon this understanding, sowed a part of the land in fall wheat and made other arrangements for the winter, and that the appointment of a receiver would occasion great hardship to him and his family. The court appointed a receiver according to the application of the appellee. The allegation contained in the affidavits filed by appellant as to the stipulation was not contradicted, and we think the court erred in making the appointment. The stipulation was a proper one for counsel to make and a proper one for the court to enforce. But for the stipulation the case could not have been tried at the May term, and it was unjust to permit its violation.

The decree appointing the receiver will be reversed. In other respects the decree will be affirmed. Appellant will recover cost of appeal.

*Affirmed in part and reversed in part.*